Mr. and Mrs. Melvin WILLMS,
Appellants,

v.

AMERICAS TIRE CO., INC., Fred Wilson d/b/a Americas Automotive and Tire Co., and The State of Texas, Appellees.

No. 05–05–00591–CV.

Court of Appeals of Texas,
Dallas.

March 28, 2006.

Supplemental Opinion Denying Rehearing
May 5, 2006.

Melvin Willms, Grand Prairie, pro se.

Ronald W. Roberts, Grand Prairie, Greg Abbott, Attorney Gen. of Texas, Austin, for Appellee.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice LANG.

Pro se appellants, Mr. and Mrs. Melvin Willms,[1] appeal from several orders entered by the district court in favor of appellees, Americas Tire Co., Inc., Fred Wilson d/b/a Americas Automotive, and the State of Texas. The Willmses specify sixty-two points on appeal, but condense them into five broad issues that claim the district court erred when it: (1) adjudicated them vexatious litigants; (2) granted summary judgment in favor of Americas Tire and Wilson; (3) granted the State's plea to the jurisdiction; (4) denied the Willmses' motion for new trial; and (5) denied the Willmses' request for a jury trial.

We conclude the district court did not err when it: (1) adjudicated the Willmses vexatious litigants; (2) granted summary judgment in favor of Americas Tire and Wilson; (3) granted the State's plea to the jurisdiction; (4) denied the Willmses' motion for a new trial; and (5) denied the Willmses' request for a jury trial. The district court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case allegedly arises from the improper repair of the engine in the Willmses' 1984 Chrysler automobile in 1996. The Willmses filed their first lawsuit relating to this matter in a justice of the peace court on August 23, 1996. In that lawsuit, the Willmses sued Wilson alleging damage to their car as a result of poor workmanship. After a trial, that court entered a take nothing judgment against the Willmses. The Willmses filed three post-trial petitions and the case was transferred because the justice of the peace recused himself. The case was retried before the second justice of the peace court which also denied the Willmses recovery on their claim. The Willmses appealed to the county court at law, but the appeal was dismissed.

On June 7, 2000, Mr. Willms sued Wilson alleging breach of contract. Wilson filed a motion to dismiss with prejudice

1. The record shows that Mrs. Melvin Willms's first name is "Petra."

and a request for sanctions. The justice of the peace court entered a take nothing judgment against Mr. Willms on December 8, 2000. Mr. Willms appealed to the county court at law, but, again, his appeal was dismissed.

On June 26, 2002, in the district court, the Willmses filed the underlying lawsuit against Americas Tire, Wilson, and the Dallas County Court at Law alleging criminal fraud, fraud on the court, attempted theft, theft, negligence, and gross negligence. Americas Tire and Wilson filed a general denial, asserted the affirmative defenses of *res judicata* and *collateral estoppel,* and requested the district court to declare the Willmses vexatious litigants and to impose sanctions against them.

On November 8, 2002, Americas Tire and Wilson filed a motion for the district court to determine the Willmses vexatious litigants. On December 19, 2002, the district court held a hearing and on January 13, 2003, the district court signed an order that determined the Willmses vexatious litigants, found they were repeatedly suing the same parties over the same controversies and were unlikely to prevail in the litigation, and required the Willmses to post a bond in the amount of $2,500 in order for the current litigation to proceed.

On May 1, 2003, Americas Tire and Wilson filed a motion requesting traditional summary judgment on their affirmative defenses or no-evidence summary judgment on the Willmses' claims. Also, Americas Tire and Wilson requested the imposition of sanctions and, based on the district court's earlier determination that the Willmses were vexatious litigants, an order prohibiting them from filing, *in propria persona,* any new litigation. On July 16, 2003, the district court entered an order that: (1) granted summary judgment

in favor of Americas Tire and Wilson and dismissed the Willmses' claims against them; (2) determined, again, the Willmses are vexatious litigants and enjoined them from filing lawsuits in Dallas County, Texas without the approval of the local administrative judge; and (3) denied Americas Tire's and Wilson's request for the imposition of sanctions.

On August 4, 2003, the Willmses filed a motion for new trial requesting the district court to set aside the summary judgment in favor of Americas Tire and Wilson. However, it does not appear the district court ruled on this motion. On August 12, 2003, the Willmses filed an amended original petition that added: (1) Jimmy Wilson as a party[2]; (2) the State of Texas as a party, claiming the State was liable for the actions of elected state judges and that various judges "stole" from them when they imposed sanctions against them in previous litigation; and (3) a claim of aggravated perjury against Americas Tire. The State filed a plea to the jurisdiction on January 20, 2005. The district court entered an order granting the State's plea to the jurisdiction, dismissing the Willmses' claim against the State, and stated "This case is final" because the Willmses' claims against the Dallas County Court of Law had previously been dismissed.

On March 4, 2005, the Willmses filed a request for findings of fact and conclusions of law with respect to the district court's orders determining them vexatious litigants and the district court's order granting summary judgment. On March 24, 2005, the Willmses filed a motion for new trial requesting the district court to set aside its order granting summary judgment in favor of Americas Tire and Wilson and its order granting the State's plea to the jurisdiction. On March 31, 2005, the

**2.** The record does not show that Jimmy Wilson was served.

Willmses filed notice of past due findings of fact and conclusions of law. The district court denied the Willmses' motion for new trial on April 4, 2005. Also, the district court signed an order denying the Willmses' request for findings of fact and conclusions of law on April 26, 2005.

Between September 25, 2003 and April 4, 2005, the Willmses filed six supplemental amended petitions. The Willmses' sixth supplemental amended original petition was filed after the district court denied the Willmses motion for new trial.

## II. VEXATIOUS LITIGANTS

In their first broad issue, the Willmses argue the district court erred when it adjudicated them vexatious litigants. The first broad issue is based on seven points raised by the Willmses: (1) Americas Tire committed fraud seventeen times in its motion; (2) the district court's determination that they are vexatious litigants was "not based on evidence" because the order states the district court considered the pleadings and motions on file, and arguments; (3) the district court admitted only five of their sixty-five exhibits; (4) the "[district] court was negligent in challenging [A]mericas [Tire's] pleadings, motions and arguments"; (5) the findings of fact and conclusions of law requested by the Willmses will show they are not vexatious litigants; (6) the past due findings of fact and conclusions of law will reveal which party is telling the truth; and (7) the appeal should be abated until the district court enters its findings of fact and conclusions of law. Only subpoints two, five, six, and seven allege error. The errors claimed in the three other subpoints raised under the Willmses' first broad issue are not legal issues. Rather, they are merely argument. As such, these three subpoints do not direct this Court's attention to any specific error on which the Willmses base

their first broad issue and there is nothing to address. See Tex.R.App. P. 38.1(e).

### A. No Findings of Fact and Conclusions of Law

In subpoints five, six, and seven, the Willmses claim they are entitled to findings of fact and conclusions of law, which they argue will reveal they are not vexatious litigants and the party that is telling the truth. Americas Tire and Wilson respond that the Willmses are not entitled to findings of fact and conclusions of law.

#### 1. Applicable Law

█ In any case tried in the district court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. See Tex.R. Civ. P. 296. The request must be filed within twenty days after the judgment is signed. See id. The purpose of rule 296 is to give a party the right to findings of fact and conclusions of law following a conventional bench trial on the merits. See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp., 938 S.W.2d 440, 442 (Tex. 1997). In other situations, findings and conclusions are proper, but a party is not entitled to them because: (1) they are often unnecessary; (2) requiring them in every case would unduly burden the trial courts; and (2) appellate courts are not obliged to give them the same level of deference. Id.

█ A trial court's failure to respond to a timely request for findings of fact and conclusions of law is error and is presumed harmful unless the record before the appellate court affirmatively shows that the complaining party has suffered no harm. Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex.1989); Larry F. Smith, Inc. v. The Weber Corp., 110 S.W.3d 611, 614 (Tex.App.-Dallas 2003, pet. denied). The general rule is that an

appellant has been harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him. *See Larry F. Smith*, 110 S.W.3d at 614; *Sheldon Pollack Corp. v. Pioneer Concrete*, 765 S.W.2d 843, 845 (Tex.App.-Dallas 1989, writ denied). Recitations in the judgment do not meet the requirements for findings and conclusions or alleviate harm. *See FDIC v. Morris*, 782 S.W.2d 521, 523–24 (Tex.App.-Dallas 1989, no writ). If there is only a single ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's ruling. *See Larry F. Smith*, 110 S.W.3d at 614. However, if there are two or more possible grounds of recovery or defense, an appellant is forced to guess what the trial court found unless the trial court's findings are provided to him. *See id.*

### 2. Application of the Law to the Facts

It is undisputed that the district court failed to make findings of fact and conclusions of law after being timely requested to do so. Texas Rules of Civil Procedure 296 and 297 state that a trial court must prepare findings of fact and conclusions of law in cases tried before the district court. Tex.R. Civ. P. 296, 297. The order determining the Willmses vexatious litigants and the portion of the order granting summary judgment declaring the Willmses vexatious litigants were made after hearings on Americas Tire's and Wilson's motions. While findings of fact and conclusions of law may have been helpful, they were not required because the vexatious litigant issue was not tried in a conventional bench trial. *See IKB*, 938 S.W.2d at 442. Also, the vexatious litigant statute does not require written findings of fact and conclusions of law. Further, the Willmses do not direct us to and we do not find any cases addressing whether, on timely request, a trial court is required to file written findings of fact and conclusions of law respecting its order determining a plaintiff a vexatious litigant. However, assuming, without deciding, such findings and conclusions were required, we would be required to find harm in order to grant the relief requested by the Willmses.

Americas Tire and Wilson moved for the district court to determine the Willmses vexatious litigants based on section 11.054(2), which specifies certain conduct on the part of the plaintiffs that, if found by the trial court, will permit a trial court to determine the plaintiff a vexatious litigant. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.054(2) (Vernon 2002). The district court's order determining the Willmses vexatious litigants tracks section 11.054(2) and states:

> This Honorable Court has found that the [Willmses] have continually sued the same parties, and further finds that the [Willmses] are litigating the same controversies and causes of action over and over again, with different names and different styles.

In their summary judgment motion, Americas Tire and Wilson sought an order enjoining the Willmses from filing a new litigation, *in propria persona*, based on the district court's prior order determining them to be vexatious litigants. The district court's order granting summary judgment states, "Plaintiff Mr. & Mrs. Willms are hereby determined to be vexatious litigants," and enjoins them from filing a new litigation without authorization. Accordingly, we conclude that, if the district court was required to file findings of fact and conclusions of law, the Willmses were not harmed. There was only a single ground for determining the Willmses vexatious litigants before the district court and the Willmses did not have to guess at the

reasons for the district court's ruling. *See Larry F. Smith*, 110 S.W.3d at 614.

Although we conclude that if the district court were required to make findings of fact and conclusions of law, the Willmses were not harmed by the district court's failure to do so, we must still address the Willmses' subpoint that claims there was no evidence to support that determination.

## B. Orders Determining the Willmses Vexatious Litigants

In subpoint number two, the Willmses argue the district court's determination that they are vexatious litigants was "not based on evidence" because the order states the district court considered the pleadings and motions on file, and arguments. Americas Tire and Wilson respond by asserting: (1) Mr. Willms attended and testified at each hearing conducted in this case and "provided sufficient evidence to find [the Willmses] vexatious litigants"; and (2) "[the Willmses] surreptitiously obtained the [district] court's signature on an order of January 13, 2003, that did not conform to the court's ruling, and on July 16, 2003, the proper order was signed and entered by the court."

### 1. Standard of Review

Chapter 11 of the Texas Civil Practice and Remedies Code does not establish the standard for reviewing a trial court's order declaring a plaintiff a vexatious litigant, requiring a plaintiff to furnish security, or enjoining a plaintiff from filing a new litigation. As a result, the San Antonio Court of Appeals determined that chapter 11 was analogous to chapter 13 and adopted the abuse of discretion standard applicable to chapter 13. *See Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex.App.-San Antonio 2004, no pet.); *see also Devoll v. State*, 155 S.W.3d 498, 502 (Tex.App.-

San Antonio 2004, no pet.). The Austin Court of Appeals agreed that a trial court's determination that a plaintiff is a vexatious litigant is reviewed under an abuse of discretion, but added that a trial court's findings under chapter 11 are reviewed for legal and factually sufficiency because section 11.054 requires the trial court to make evidentiary findings. *See Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex.App.-Austin 2005, pet. denied).

However, without a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990) (burden is on appellant to present a sufficient record to show error requiring reversal); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *Marion v. Davis*, 106 S.W.3d 860, 869 (Tex.App.-Dallas 2003, pet. denied); *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex.App.-Dallas 2003, pet. denied), *cert. denied* 543 U.S. 1051, 125 S.Ct. 875, 160 L.Ed.2d 772 (2005). Also, when an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order. *See Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (holding reviewing court must presume omitted evidence supported trial court's discretionary sanction decision when party failed to bring reporter's record of sanction hearing).

### 2. Applicable Law

The Willmses' contentions are broad. Although we address only those contentions that claim error, we include a discussion of the legislation relating to vexatious litigants so that the ramifications of the district court's order as to the Willmses are clear.

In 1997, the Texas Legislature enacted Chapter 11 of the Texas Civil Practice and Remedies Code which is entitled, "Vexatious Litigants." In that chapter, the Texas Legislature struck a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit. *See Leonard,* 171 S.W.3d at 455–56; HOUSE COMM. ON STATE PRACTICES, BILL ANALYSIS, TEX. H.B. 3087, 75th Leg., R.S. (1997). The purpose behind the statute was to curb vexatious litigation by requiring plaintiffs found by a court to be "vexatious" to post security for costs before proceeding with a lawsuit. *See* HOUSE COMM. ON STATE PRACTICES, BILL ANALYSIS, TEX. H.B. 3087.

Section 11.051 of the Texas Civil Practice and Remedies Code authorizes a defendant to move for an order that determines the plaintiff is a vexatious litigant and requires that plaintiff to furnish security. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.051 (Vernon 2002). However, the motion must be filed on or before the ninetieth day after the date the defendant files his original answer. *Id.* § 11.051; *Dishner v. Huitt–Zollars, Inc.,* 162 S.W.3d 370, 377 (Tex.App.-Dallas 2005, no pet.); *Spiller v. Spiller,* 21 S.W.3d 451, 454 (Tex. App.-San Antonio 2000, no pet.). When a defendant files a motion pursuant to section 11.051, the litigation is stayed until the tenth day after the motion is denied or the tenth day after the defendant receives notice that the plaintiff has furnished the required security. TEX. CIV. PRAC. & REM. CODE ANN. § 11.052.

On receipt of the motion and after notice has been given to all parties, the trial court shall conduct a hearing to determine whether to grant the motion and may consider any material evidence. *Id.* § 11.053. A court may find a plaintiff a vexatious litigant if the defendant shows: (1) there is not a reasonable probability the plaintiff will prevail in the litigation; and (2) there is other evidence regarding previous litigation by the defendant. *Id.* § 11.054; *see also Leonard,* 171 S.W.3d at 458–59. Other evidence regarding previous litigation is specified in section 11.054 as follows:

(1) the plaintiff, in the seven year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been:

 (A) finally determined adversely to the plaintiff;

 (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

 (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

 (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

 (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or

proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem.Code Ann. § 11.054; *see also Johnson v. Sepulveda,* 178 S.W.3d 117, 120 (Tex.App.-Houston [14th Dist.] 2005, no pet. h.); *Leonard,* 171 S.W.3d at 455–56; *Devoll,* 155 S.W.3d at 502–03; *Nell Nations,* 141 S.W.3d at 669; *Spiller,* 21 S.W.3d at 454.

 If the trial court determines the plaintiff is a vexatious litigant, after hearing the evidence on the motion, the trial court is required to order the plaintiff to furnish security for the benefit of the moving defendant. Tex. Civ. Prac. & Rem. Code Ann. § 11.055(a); *Nell Nations,* 141 S.W.3d at 670. It is within the trial court's discretion to determine the date when the security must be furnished. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.055(b). If the plaintiff fails to furnish the security by the date specified in the trial court's order, the trial court must dismiss the litigation against the moving defendant. *See id.* § 11.056; *Nell Nations,* 141 S.W.3d at 670. However, if the security is furnished and the litigation is dismissed on the merits, the moving defendant has recourse to the security. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.057.

 A trial court is authorized to enter a prefiling order enjoining a person from filing a new litigation, *in propria persona,* without the prior permission of the local administrative judge if, after notice and a hearing, the trial court finds: (1) the person is a vexatious litigant; and (2) the local administrative judge has not granted permission to the person to file the litigation. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.101(a); *Johnson,* 178 S.W.3d at 120; *Devoll,* 155 S.W.3d at 502. *In propria persona* is synonymous with *pro se. Spiller,* 21 S.W.3d at 454. However, a local administrative judge may grant a person

found to be a vexatious litigant under section 11.101 to file a litigation only if it appears that the litigation: (1) has merit; and (2) has not been filed for the purpose of harassment or delay. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.102. A clerk of the court must provide a copy of the prefiling order to the Office of Court Administration of the Texas Judicial System which is required to maintain a list of vexatious litigants. *See id.* § 11.104. A person who disobeys a prefiling order is subject to contempt of court. *See id.* § 11.101(b).

### 3. Analysis

 The heart of the Willmses' argument is that the order declaring them vexatious litigants "is not based on evidence." Accordingly, we review the two orders which declare the Willmses vexatious litigants: (1) the "Order Determining [the Willmses] Vexatious Litigants" entered on January 13, 2003; and (2) the "Order Granting [Americas Tire's and Wilson's] Motion for Summary Judgment" entered on July 16, 2003.

First, we review the January 13, 2003 order. The record shows both Americas Tire and Wilson, and the Dallas County Court at Law moved for the district court to declare the Willmses vexatious litigants. In their original answer, Americas Tire and Wilson moved for the district court to declare the Willmses vexatious litigants pursuant to section 11.054(2). Also, in a separate motion, Americas Tire and Wilson moved for the Willmses to be declared vexatious litigants pursuant to section 11.054(2). The record reflects that a hearing was held on the motion of Americas Tire and Wilson on December 19, 2002. The district court's order determined the Willmses to be vexatious litigants and required them to post a $2,500 bond before the litigation would proceed. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.055.

The record does not contain a reporter's record of the December 19, 2002 hearing or a reporter's certificate that the hearing was not recorded or that no evidence was presented. Without a reporter's record, we cannot review the order determining the Willmses to be vexatious litigants and requiring them to furnish security pursuant to sections 11.054 and 11.055 for an abuse of discretion or the sufficiency of the evidence. *See Birnbaum,* 120 S.W.3d at 476 (abuse of discretion); *Sandoval,* 25 S.W.3d at 722 (sufficiency of evidence). Without an adequate record being supplied by the Willmses, we must presume the evidence was sufficient to support the district court's order. *Christiansen,* 782 S.W.2d at 843; *Sandoval,* 25 S.W.3d at 722.

Second, we review the July 16, 2003 order granting summary judgment. On May 1, 2003, Americas Tire and Wilson filed a motion for summary judgment, which, based on the district court's earlier determination that the Willmses were vexatious litigants, requested the district court to enter an order "prohibiting [the Willmses] from filing, *in propria persona,* a new litigation in a court of this state." The Willmses did not file a response to the motion for summary judgment. Attached to the motion were numerous exhibits representing the lawsuits filed by the Willmses. The district court's order granting summary judgment in favor of Americas Tire and Wilson provided, in part, that the Willmses "are determined to be vexatious litigants" and they are prohibited from filing lawsuits "in Dallas County, Texas without approval of the local administrative judge." *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101. We conclude the district court did not abuse its discretion and there was sufficient evidence to support the district court's order declaring the Willmses vexatious litigants and enjoining them from filing a new litigation *in pro-pria persona* without the prior authorization of the local administrative judge pursuant to section 11.101.

The Willmses' first broad issue is decided against them.

## III. SUMMARY JUDGMENT

In their second broad issue, the Willmses argue the district court erred when it granted Americas Tire's and Wilson's motion for summary judgment. The Willmses' second broad issue is based on nineteen subpoints, which are not clear. Many of these subpoints contain argument or purport to be statements of the law. Accordingly, we address only the subpoints which articulate appellate issues. *See* Tex.R.App. P. 38.1(e). We glean the following claims of error from the Willmses' nineteen subpoints: (1) the district court improperly gave Americas Tire legal advice, and acted unreasonably and without reference to guiding statutes, rules, principles or precedents; (2) Americas Tire's motion did not state the grounds for summary judgment, the Willmses were not provided with the time and a forum to prove their case, the district court did not review their evidence, but stated they did not properly put evidence before the court, and the district court considered pleadings and argument, which are not evidence; and (3) an adequate time for discovery had not passed because they had not received Americas Tire's discovery responses and had a pending request for depositions on written questions.

### A. Standard of Review

When the trial court does not specify the basis for its summary judgment, the appealing party must show on appeal that each independent ground alleged is insufficient to support the summary judgment granted. *See FM Props. Operating Co. v.*

*City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000); *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995); *see also Adams v. First Nat'l Bank of Bells/Savoy,* 154 S.W.3d 859, 867 (Tex.App.-Dallas 2005, no pet.); *Caldwell v. Curioni,* 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied). Both the no-evidence and traditional grounds for summary judgment are evaluated to determine whether the trial court was correct under any theory. *See Skiles v. Jack in the Box, Inc.,* 170 S.W.3d 173, 178 (Tex.App.-Dallas 2005, pet. filed); *Alaniz v. Hoyt,* 105 S.W.3d 330, 344 (Tex. App.-Corpus Christi 2003, no pet.); *McKillip v. Employers Fire Ins. Co.,* 932 S.W.2d 268, 270 (Tex.App.-Texarkana 1996, no writ). An appellate court must affirm the summary judgment if any one of the movant's theories, which supports the summary judgment, has merit. *Star–Telegram,* 915 S.W.2d at 473; *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.,* 168 S.W.3d 917, 923 (Tex.App.-Dallas 2005, no pet.); *Adams,* 154 S.W.3d at 867.

### B. Applicable Law

To prevail on summary judgment, a defendant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *General Mills Restaurants, Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *First Union,* 168 S.W.3d at 923.

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more of the essential elements of a claim. *See* Tex.R. Civ. P. 166(i). In order to preserve a complaint that the summary judgment was premature, the party claiming it did not have adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enter. Prod. Co.,* 925 S.W.2d 640, 647 (Tex.1996); *Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc.,* 159 S.W.3d 266, 271–72 (Tex.App.-Dallas 2005, no pet.).

### C. Analysis

■ First, we review the propriety of the summary judgment. Americas Tire and Wilson moved for traditional summary judgment on their affirmative defenses of *res judicata* and *collateral estoppel* and no-evidence summary judgment on the Willmses' claims of criminal fraud, fraud on the court, attempted theft, theft, negligence, and gross negligence. *See* Tex.R. Civ. P. 94; *see also John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst,* 90 S.W.3d 268, 288–89 (Tex.2002) (*res judicata* and *collateral estoppel* both serve the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation). The Willmses did not respond to the motion for summary judgment. The only argument made by the Willmses on this point is that Americas Tire and Wilson did not prove that at least one element of their fraud and theft claims were missing. However, by failing to respond to Americas Tire's and Wilson's motion for summary judgment, the Willmses did not offer any evidence to support the elements of the causes of action alleged in their pleadings. We conclude the trial court properly granted summary judgment in favor of Americas Tire and Wilson be-

cause the Willmses failed to meet their summary judgment burden.

Second, we review the district court's alleged improper legal advice. The Willmses complain of the following statement by the district court:

> The problem I have with your motion to dismiss is that its not verified, there is no affidavit to support the fact. You claim res judicata and collateral estoppel and statute of limitations. I think you're going to need to file summary judgment in order to get that before the Court.

The district court's comment addressed the orderly conduct of the litigation. It was not legal advice. *See* Tex.R. Jud. Admin. 7(a)(6) (oversee the prompt disposition of all cases). Accordingly, the district court did not err when it told Americas Tire it would "need to file [a motion for] summary judgment in order to get that before the court."

■ Third, we review the Willmses' claim that an adequate time for discovery had not passed when the district court granted summary judgment. The Willmses did not file an affidavit explaining the need for further discovery because they had not received Americas Tire's discovery responses and had a pending request for depositions on written questions. Also, the Willmses did not file a verified motion for continuance. Accordingly, we conclude the Willmses waived their complaints as to the continuance of the motion for summary judgment by the district court. *See Tenneco*, 925 S.W.2d at 647; *Yokogawa*, 159 S.W.3d at 271–72.

The Willmses' second broad issue is decided against them.

## IV. PLEA TO THE JURISDICTION

In their third broad issue, the Willmses argue the district court erred when it granted the State's plea to the jurisdiction. The Willmses' third broad issue is based on seventeen points that generally claim: (1) they were entitled to a no-answer default judgment against the State; (2) the district court did not know the meaning of subject matter jurisdiction; (3) they had requested a jury trial eighteen months before the district court dismissed the case; (4) the State's pleadings do not show the district court does not have jurisdiction; (5) the district court's order granting the State's plea to the jurisdiction does not state the specific jurisdiction under which the plea was granted; and (5) the district court improperly dismissed their claims against the State with prejudice because, if there is no subject matter jurisdiction, it may only dismiss without prejudice. The Willmses claim the State is liable for the actions of elected state judges and that various judges "stole" from them when they sanctioned them in previous litigation. They assert the State is liable under the Theft Liability Act. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 134.001–134.005 (Vernon 2005). The State asserts that sovereign immunity prevents the Willmses from invoking the district court's jurisdiction over this claim.

### A. Standard of Review

■ Whether a trial court has subject matter jurisdiction is a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Dallas County v. Wadley*, 168 S.W.3d 373, 376 (Tex.App.-Dallas 2005, pet. denied). Accordingly, an appellate court reviews a challenge to the trial court's subject matter jurisdiction de novo. *Thompson v. City of Dallas*, 167 S.W.3d 571, 574 (Tex. App.-Dallas 2005, pet. filed) (quoting *Miranda*, 133 S.W.3d at 228); *Benefit Realty Corp. v. City of Carrollton*, 141 S.W.3d

346, 348 (Tex.App.-Dallas 2004, pet. denied). In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Miranda,* 133 S.W.3d at 227; *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

### B. Applicable Law

A plea to the jurisdiction is a dilatory plea. Its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). A plea to jurisdiction contests a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999); *Benefit Realty Corp.,* 141 S.W.3d at 348. The purpose of the plea "is not to force the plaintiffs to preview their case on the merits, but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Bland,* 34 S.W.3d at 554. A trial court must grant a plea to the jurisdiction, after providing an appropriate opportunity to amend, when the pleadings do not state a cause of action on which the trial court has jurisdiction. *Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex.2004). To the extent a petition alleging a tort names officers in their official capacities, the claims are barred by sovereign immunity. *Minix v. Gonzales,* 162 S.W.3d 635, 639 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

### C. Analysis

Once again, the multiple subpoints underlying the Willmses' challenge to the district court's order granting the State's plea to the jurisdiction are not clear, nor are they legal appellate issues. Accordingly, we address the heart of the Willmses' complaint, the district court's order granting the plea. Tex.R.App. P. 38.1(e).

The Willmses pleaded a claim of theft against the State, its agencies and officials. The State timely interposed a plea to the jurisdiction. The claim of theft alleged by the Willmses is barred by sovereign immunity. *See Minix,* 162 S.W.3d at 639. Accordingly, although the Willmses amended their pleadings after the plea to the jurisdiction was filed, neither that amendment, nor the earlier pleadings alleged facts that revealed any basis for asserting waiver of the State's immunity. Accordingly, we conclude the district court did not err when it granted the State's plea to the jurisdiction and dismissed the Willmses' claims with prejudice. *See Sykes,* 136 S.W.3d at 639.

The Willmses' third broad issue is decided against them.

## V. MOTION FOR NEW TRIAL

In their fourth broad issue, the Willmses argue the district court erred when it denied their motion for new trial. The Willmses' fourth broad issue is based on seven points that generally claim: (1) Americas Tire committed fraud one hundred and thirty-one times to obtain their judgments; (2) the district court did not review their evidence; and (3) the district court violated Texas Rule of Civil Procedure 297 when it failed to file findings of fact and conclusions of law.

### A. Standard of Review

Whether to grant or deny a motion for new trial is generally a matter addressed to the broad discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of that discretion. *Cliff v. Huggins,* 724 S.W.2d 778, 778–79 (Tex.1987); *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.,* 150 S.W.3d 901, 904 (Tex.App.-Dallas 2004, no pet.). A trial court abuses its discretion when it fails to correctly

analyze or apply the law. *In re E.I. Du-Pont de Nemours & Co.,* 136 S.W.3d 218, 223 (Tex.2004) (orig.proceeding). The test is whether the trial court acted in an arbitrary and unreasonable manner or without reference to any guiding principles. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004); *Ricks v. Ricks,* 169 S.W.3d 523, 526 (Tex.App.-Dallas 2005, no pet.).

### B. Analysis

In their motion for new trial the Willmses alleged the district court erred in granting the motion for summary judgment, in failing to make requested findings of fact and conclusions of law, and in not giving them enough opportunity to present their evidence to the trial court. We have already determined summary judgment was appropriate in this case. Accordingly, we now address appellants' complaints that the district court failed to make the requested findings of fact and conclusions of law and that they did not have the opportunity to produce evidence to the district court.

■■■■■ According to Rules 296 and 297 of the Texas Rules of Civil Procedure, a trial judge must prepare findings of fact in cases tried in the district court without a jury. *See* Tex.R. Civ. P. 296, 297. When a trial court grants summary judgment relief, however, findings of fact are not appropriate because the summary judgment proceeding has not been "tried" within the scope of rule 296. *See IKB,* 938 S.W.2d at 441; *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994). Findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood,* 885 S.W.2d at 103. If summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. *See IKB,* 938 S.W.2d at 441.

The Willmses' complaint of not being given an opportunity to present their evidence is not supported by the record. They do not complain that they were precluded from filing a response to the motion for summary judgment. A response to a motion for summary judgment may include evidence offered to defeat a motion for summary judgment. The Willmses failed to file such a response and, thereby, did not exercise the opportunity to offer evidence to the trial court. On this record we cannot conclude the district court abused its discretion in denying the Willmses' motion for new trial.

The Willmses' fourth broad issue is decided against them.

### VI. RIGHT TO TRIAL BY JURY

In their fifth broad issue, the Willmses argue the district court erred when it denied their request for a jury trial. The Willmses' fifth broad issue is based on twelve points that generally claim "the district court erred when it disposed of the case and allowed it to proceed to an appeal without a jury trial."

■■■■■ The right to a jury trial in civil cases is not absolute. *See Green v. W.E. Grace Mfg. Co.,* 422 S.W.2d 723, 725 (Tex. 1968); *Bliss v. NRG Indus.,* 162 S.W.3d 434, 437 (Tex.App.-Dallas 2005, pet. denied); *Martin v. Commercial Metals Co.,* 138 S.W.3d 619, 626 (Tex.App.-Dallas 2004, no pet.). The summary judgment process provides a method of terminating a case when only questions of law are involved and there are no genuine issues of fact. *Bliss,* 162 S.W.3d at 437; *see also Lattrell v. Chrysler Corp.,* 79 S.W.3d 141, 150 (Tex. App.-Texarkana 2002, pet. denied). However, where no material issues of fact exist to submit to a jury then the granting of summary judgment cannot violate a party's constitutional right to a jury trial. *See Bliss,* 162 S.W.3d at 437; *Martin,* 138 S.W.3d at 627; *Lattrell,* 79 S.W.3d at 150.

We have already concluded summary judgment was appropriate in this case.

The Willmses' fifth broad issue is decided against them.

## VII. CONCLUSION

The district court did not err when it: (1) adjudicated the Willmses vexatious litigants; (2) granted summary judgment in favor of Americas Tire and Wilson; (3) granted the State's plea to the jurisdiction; (4) denied the Willmses' motion for a new trial; and (5) denied the Willmses' request for a jury trial. The Willmses' issues are decided against them. The district court's judgment is affirmed.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

On March 28, 2006, this Court issued its opinion in this case affirming the trial court's judgment. Pro se appellants, Mr. and Mrs. Melvin Willms, filed their motion for rehearing on April 7, 2006 asserting, in part, that they filed a response to Americas Tire's and Wilson's motion for summary judgment.

This supplemental opinion on motion for rehearing is issued in order to clarify our earlier opinion with respect to the Willmses' response to the motion for summary judgment and does not change the Court's opinion in this appeal. The Willmses' motion for rehearing is denied.

## I. PROCEDURAL BACKGROUND ON MOTION FOR REHEARING

■ In their motion for rehearing, the Willmses claimed the Court's opinion in-

correctly states, "The Willmses did not respond to the motion for summary judgment." *See Willms v. Americas Tire Co.,* 190 S.W.3d 796, 807, No. 05–05–00591–CV, 2006 WL 772845, at *9 (Tex.App.-Dallas Mar.28, 2006, no pet. h.). They contended their response was in the district court's file, they "paid the district clerk to produce a copy of the record and deliver it to the [Court]," and a copy was attached to their motion. The document attached to the Willmses' motion for rehearing, was entitled "Plaintiff's Opposition to Defendant Americas' Motion for Summary Judgment," and displays the file stamp of the Dallas County District Clerk dated May 13, 2003. However, at the time of submission, the appellate record did not contain this document or show the Willmses requested it to be included in the clerk's record.[1] The Court cannot consider documents that are not included in the appellate record. *See Burke v. Ins. Auto Auctions Corp.,* 169 S.W.3d 771, 775 (Tex. App.-Dallas 2005, pet. denied); *Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.).

The Willmses did not formally request leave to supplement the record after the opinion issued. However, the Court liberally construed the Willmses' motion for rehearing to include a request to supplement the clerk's record with the document entitled "Plaintiff's Opposition to Defendant Americas' Motion for Summary Judgment."

■ Texas Rule of Appellate Procedure 34.5 requires all pleadings on which

---

1. The Willmses' request for preparation of the clerk's record tracks the language of Texas Rule of Appellate Procedure 34.5(a) and requests the District Clerk to either strike or eliminate certain documents from the clerk's record alleging they were improperly filed. Among the documents the Willmses specifically requested to be removed from the clerk's record are the motion to declare the Willmses vexatious litigants and Americas Tire's and Wilson's motion for summary judgment. Americas Tire and Wilson requested a supplemental clerk's record so that their motion to declare the Willmses vexatious litigants and their motion for summary judgment were included in the appellate record.

the trial was held to be included in the clerk's record unless the parties designate the filings in the appellate record by agreement. *See* TEX.R.APP. P. 34.5. The clerk is not required to include a response to a motion for summary judgment in the clerk's record. *See Pierson v. SMS*, 959 S.W.2d 343, 348 (Tex.App.-Texarkana 1998, no pet.). However, if a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item. *See* TEX.R.APP. P. 34.5(c)(1). Then, the supplemental clerk's record becomes part of the appellate record. *See* TEX. R.APP. P. 34.5(c)(3).

The Court granted the Willmses' request to supplement the clerk's record and ordered the clerk of the court to file a supplemental clerk's record containing the Willmses' response.

## II. WILLMSES' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

 In their motion for rehearing, the Willmses argue *their* response to Americas Tire's and Wilson's motion for summary judgment shows they raised an issue of material fact. However, we disagree.

The Willmses' response to the motion for summary judgment contains only argument and does not address the facts necessary to raise an issue of material fact with respect to Americas Tire's and Wilson's affirmative defenses or support the elements of the Willmses' causes of action. In their response to the motion for summary judgment, the Willmses refer to *Plaintiff's Exhibit Nos. 1–2, 12–15, 28, 40–42, and 47–49.* These exhibits are not attached to the Willmses' response to the motion for summary judgment. Rather, it appears the exhibits referenced in the Willmses' response to the motion for summary judgment correspond to the exhibits referenced in their amended original petition. However, the exhibits referenced in the Willmses' amended original petition were not included in the clerk's record. Further, it does not appear the Willmses offered or the trial court admitted any of these exhibits into evidence. In their brief, the Willmses advised the Court that "[d]uring the hearing on the motion for summary judgment, the [district] court claimed that it did not believe the [Willmses] had properly put before the [district court] any evidence of theft, any evidence of fraud, or any evidence of attempted theft," and "[the Willmses] took all of their exhibits into the courtroom for every hearing with the hope that the judge would view and challenge the evidence, but the judge did not do so."

Accordingly, we conclude the Willmses' response to the motion for summary judgment was insufficient to raise a genuine issue of material fact. Our opinion is not affected by the Willmses' contentions.

## III. CONCLUSION

The Court construed the Willmses' motion for rehearing to include a request to supplement the clerk's record with their response to the motion for summary judgment. Accordingly, the clerk of the court was ordered to supplement the clerk's record. After reviewing the Willmses' response to the motion for summary judgment, we conclude their response was insufficient to raise a genuine issue of material fact.

The Willmses' motion for rehearing is denied.