

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00193-CV

IN RE REIDIE JAMES JACKSON, RELATOR

ORIGINAL PROCEEDING

May 18, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator Reidie James Jackson, appearing pro se, filed a petition asking the court to issue a writ of mandamus against respondent, the Honorable Ruben Gonzales Reyes, judge of the 72nd District Court of Lubbock County. Jackson's petition asserts Judge Reyes clearly abused his discretion by refusing to make findings of fact and conclusions of law in two instances: (1) after finding Jackson to be a vexatious litigant and (2) after rendering a summary judgment against Jackson.[1] For the reasons stated, we will deny the petition.

---

[1] It appears in this original proceeding Jackson seeks relief related to issues he intends to raise in an appeal pending before this court. *Jackson v. Captain Vaughn, et*

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker,* 827 S.W.2d at 839. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker,* 827 S.W.2d at 840.

With respect to the summary judgment proceeding, the trial court had no obligation to make findings of fact and conclusions of law. Indeed, to do so would have been improper. "[I]f summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment." *IKB Indus. v. Pro-Line Corp.,* 938 S.W.2d 440, 441 (Tex. 1997); *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex. 1994) (per curiam) ("findings of fact and conclusions of law have no place in a summary judgment proceeding").

Assuming, without deciding, there are instances in which a trial court would have a duty to make findings of fact and conclusions of law in a case involving a vexatious

---

*al.,* 07-16-00129-CV (Tex. App.—Amarillo). The appellate record has not yet been filed in the appeal.

litigant finding,[2] Jackson's petition could not in any event show an abuse of discretion in this case. The record accompanying the petition consists merely of two documents, said by unsworn declaration to be true and correct copies of those filed with the trial court. At most, the documents provide some indication Jackson asked the trial court to make findings and conclusions. Even if we were to assume original documents like them were filed with the trial court, they prove nothing of the circumstances which led to their filing. *See* TEX. R. CIV. P. 296 (request for findings and conclusions proper after judgment in "any case tried in the district or county court without a jury"). The record is not sufficient to show the existence of circumstances calling for findings and conclusions, and certainly does not demonstrate a right to mandamus relief. *In re Gore,* No. 07-07-00290-CV, 2007 Tex. App. LEXIS 6814, (Tex. App.—Amarillo Aug. 23, 2007, orig. proceeding) (citing *Walker*, 827 S.W.2d at 837-39 (it is a relator's burden "to present the appellate court with a record sufficient to establish the right to mandamus relief")).

For those reasons, and others not necessary to discuss, Jackson's petition is denied.

Per Curiam

---

[2] *See generally IKB Indus. v. Pro-Line Corp.,* 938 S.W.2d 440 (Tex. 1997) (discussing application of Civil Rule 296); *Willms v. Americas Tire Co.,* 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) (application of Rule 296 to vexatious litigant determination).