**Affirmed and Opinion Filed October 21, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01389-CV

**ROBERT WEBB AND RKW FAMILY FARM, LP, Appellants**
**V.**
**ERIC TOMBAUGH AND DENISE TOMBAUGH, Appellees**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-01080-2011**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Chief Justice Wright

Robert Webb and RKW Family Farm, LP appeal the trial court's order dismissing their breach of restrictive covenant suit against Eric and Denise Tombaugh and imposing sanctions on Webb. Webb and RKW contend the trial court erroneously concluded they lacked standing to sue, and Webb further asserts the imposition of sanctions was an abuse of discretion. The Tombaughs respond the appeal is without merit and request Webb be sanctioned further for filing a frivolous appeal. We affirm the trial court's order and deny the Tombaughs' request for appellate sanctions.

## BACKGROUND

This suit stems from the construction of an "outbuilding" by the Tombaughs on their property, located in Glenbrook Estates, a subdivision subject to the "Declaration of Covenants

and Assessments for Glenbrook Estates" and mandatory membership in the Glenbrook Owners' Association. At the time construction began in 2007, Webb owned the adjoining property; at the time suit was filed in 2011, RKW owned that property.

In their suit, Webb and RKW alleged the outbuilding violated certain covenants in the Declaration. Webb, suing as the owner of the adjoining property at the time construction of the outbuilding began, and RKW, suing as the current owner of the adjoining property, alleged the violations constituted "irreparable harm." As relief, they sought removal of the outbuilding, civil damages under Texas Property Code section 202.004(c), attorney's fees, and costs.

The Tombaughs answered the suit asserting, in part, res judicata as an affirmative defense. According to the Tombaughs, Webb had previously filed a similar suit and "lost." The Tombaughs also filed a plea to the jurisdiction seeking dismissal of the suit, alleging Webb and RKW lacked standing to bring the suit because (1) section 202.004 of the property code conferred standing to sue to enforce a restrictive covenant only on property owners' associations or representatives designated by property owners; and (2) under the Declaration, Webb and RKW designated the Glenbrook Owners' Association as their representative to enforce the covenants. Additionally, the Tombaughs asserted Webb lacked standing because he no longer owned the property adjoining theirs.

The trial court granted the Tombaughs' plea to the jurisdiction and dismissed Webb and RKW's claims in their entirety. Subsequently, on the Tombaughs' post-judgment motion and following an evidentiary hearing, the trial court assessed sanctions against Webb in the amount of $19,250. In assessing sanctions, the trial court found Webb's claim was groundless, filed in bad faith, and brought for an improper purpose and for the purpose of harassment. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001, 10.004 (West 2002); TEX. R. CIV. P. 13. In relevant part, the trial court also found:

•This suit was filed shortly before the trial setting in Cause No. 219-0059106, a matter in which Denise Tombaugh was identified and scheduled to be a witness adverse to Robert Webb.

•Webb admits he is not the record owner of any property within the boundaries of the Glenbrook Owners' Association, and was not at the time of filing this suit. Webb lacks any standing to bring the claims he has asserted against the Tombaughs.

•This is not the first time Webb has brought suit against Denise Tombaugh. Webb previously joined in a suit against Ms. Tombaugh and others in Cause No. 219-00025-2008. The claims in the present suit are substantially similar to the claims made in Cause No. 219-00025-2008, and the present claims should have been brought in the prior suit.

## DISCUSSION

We begin with Webb's challenge to the sanctions order. We review such an order for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). This standard of review presumes a trial judge acted within his discretion and places the burden on the appellant to bring a reporter's record affirmatively showing an abuse of discretion. *See Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *Marion v. Davis*, 106 S.W.3d 860, 869 (Tex. App.—Dallas 2003, pet. denied). Without a reporter's record, an appellate court cannot determine if an abuse of discretion occurred. *Willms*, 190 S.W.3d at 803.

Although Webb bore the burden of bringing the record of the sanctions hearing, he failed to do so. Accordingly, we must presume the trial court's findings in support of the award of sanctions are supported by sufficient evidence, and those findings stand. *See id.* We decide Webb's second issue against him.

In light of the binding findings of res judicata, we need not address Webb and RKW's first issue regarding standing. *See Tex. Parks & Wildlife Dept. v. EE. Lowrey Realty, Ltd.*, 235 S.W.692, 694 (Tex. 2007) (dismissal rather than remand appropriate where remand would serve no legitimate purpose). We deny the Tombaughs' request for appellate sanctions.

Accordingly, we affirm the trial court's order dismissing Webb's and RKW's claims and imposing sanctions on Webb.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

111389F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT WEBB AND RKW FAMILY
FARM, LP, Appellants

No. 05-11-01389-CV          V.

ERIC TOMBAUGH AND DENISE
TOMBAUGH, Appellees

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-0180-2011.
Opinion delivered by Chief Justice Wright.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** appellees Eric Tombaugh and Denise Tombaugh recover their costs of this appeal from appellants Robert Webb and RKW Family Farm, L.P.

Judgment entered October 21, 2016.