# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00768-CV

---

**Mark Joseph Watson, Appellant**

**v.**

**City of San Marcos, Appellee**

---

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. 23-2549, THE HONORABLE JOE POOL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Mark Joseph Watson, appearing pro se, appeals the trial court's order declaring him a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code (Chapter 11) and ordering that he post a security bond in the amount of $5,000 or risk dismissal of his suit against the City of San Marcos. *See generally* Tex. Civ. Prac. & Rem. Code §§ 11.001-.104; *see id.* § 11.101(c) (providing for appeal of order declaring person vexatious litigant). Under Chapter 11, the City bore the burden to show that there is not "a reasonable probability" Watson would prevail in his suit against it, and that Watson met one of three other statutory criteria to be a vexatious litigant. *See id.* § 11.054(1)-(3) (describing three alternative criteria). Because the trial court did not abuse its discretion in determining that the City met this statutory burden, we will affirm the trial court's order.

## BACKGROUND

In October 2023, Watson filed a pro se suit against the City in a pleading titled "Complaint for a Civil Case of Negligent Conduct Resulting in Tortious Interference in a Real Estate Transaction and Unjust Enrichment." According to his pleadings, when Watson was in the process of selling a lot located at 803 Gravel Street in San Marcos, he was informed by the title company that the City had two liens on the property. Watson alleged that, although he contacted someone and left a voicemail stating that the liens needed to be removed prior to closing, he was informed at closing that the City would not release the liens and that the liens would have to be paid prior to closing. Watson alleged that, to avoid the City later arguing that he had agreed to pay the liens, he executed a document to reserve his rights pursuant to section 1.308 of the Texas Business and Commerce Code. *See* Tex. Bus. & Com. Code § 1.308 (providing that party that, with explicit reservation of rights, performs in manner demanded does not thereby prejudice rights reserved). In his request for relief, Watson cited to chapter 104 of Texas Civil Practice and Remedies Code, asserting that it (1) "sets State liability for conduct of public servants," (2) "covers the City of San Marcos employees," (3) "covers conduct including deprivation of rights with reckless disregard," and (4) "sets the limits on the amount of recoverable damages to $300,000 for a single occurrence." *See* Tex. Civ. Prac. & Rem. Code ch. 104 (governing state liability for conduct of public servants). Watson sought damages of $522,003.54, which included $500,000 for two occurrences of "deprivation of reserved rights," $6,003.54 in costs and expenses related to the two liens, and $16,000 for "civil case preparation."

The City filed a motion to declare Watson a vexatious litigant and to require him to post security. *See id.* § 11.051. The City argued that there was no reasonable probability that Watson would prevail in the litigation and that, in the immediately preceding seven-year period,

Watson had "commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in small claims court that have been finally determined adversely" to him. *See id.* § 11.054(1)(A). The City also argued that, after a litigation had been finally determined against him, Watson repeatedly relitigated, or attempted to relitigate, the same cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined. *See id.* § 11.054(2)(B).

After a hearing on the City's motion, *see id.* § 11.053, the trial court signed an order declaring Watson a vexatious litigant, ordering him to post a security bond of $5,000 with the court clerk or risk dismissal of his suit, and prohibiting Watson from filing any new litigation without the permission of the local administrative judge, *id.* §§ 11.055, .056, .101, .102. Watson filed a request for findings of fact and conclusions of law but did not submit proposed findings or conclusions. The court did not file findings of fact or conclusions of law, and Watson perfected this appeal. *See id.* § 11.101(c) ("A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.").

## DISCUSSION

In Chapter 11, "the legislature struck a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse our civil justice system." *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex. App.—Austin 2005, pet. denied). Chapter 11 provides that a defendant in "a litigation in this state" may move for an order determining that the plaintiff is a vexatious litigant. Tex. Civ. Prac. & Rem. Code § 11.051; *see id.* § 11.001(2) (defining "litigation" to mean "a civil action commenced, maintained, or pending

3

in any state or federal court"), (5) (defining "plaintiff" to mean "an individual who commences or maintains a litigation pro se"). After a hearing on the evidence, "[a] court may find a plaintiff a vexatious litigant if the defendant shows," as relevant here:

> that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been: (A) finally determined adversely to the plaintiff;. . . or (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; . . . [or] (2) relitigates or attempts to relitigate, pro se, . . .(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

*Id.* § 11.054. We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion. *Leonard*, 171 S.W.3d at 459. "However, because a trial court may exercise its discretion to declare a party a vexatious litigant only if it first makes prescribed statutory evidentiary findings, we also review the trial court's subsidiary findings under chapter 11 for legal and factual sufficiency." *See id.* A legal sufficiency challenge fails "if there is no more than a scintilla of evidence to support the finding," and a factual sufficiency challenge fails unless the "ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Id.*

Watson raises three issues on appeal. First, Watson asserts that the trial court lacked jurisdiction to declare him a vexatious litigant because (1) he was not the "plaintiff" in the underlying proceeding and, consequently not properly the subject of a Chapter 11 motion, and (2) the "matter was never referred to the *Local Administrative Judge*, as required by statute." Second, Watson challenges the evidence supporting a finding that he had commenced at least

4

five pro se litigations in the previous seven-year period that had been determined adversely to him. Third, Watson asserts that the vexatious litigant determination was based on false information and "to silence a legitimate legal claim and thwart a lawful debt." We construe Watson's complaints as challenges to the trial court's determinations of the prescribed statutory evidentiary findings and will review those findings to determine whether the trial court abused its discretion in declaring Watson a vexatious litigant.

### No reasonable probability that Watson would prevail

Watson's original petition in this case, which was filed in Hays County District Court on October 2, 2023, and assigned Cause No. 23-2549, is identical to one he filed against the City on March 1, 2022, in Hays County District Court (Cause No. 22-0424). The original petition in this case even bears the March 1, 2022 date on the cover page, on the footer of each page in the pleading, and in the signature block. In Cause No. 22-0424, the City filed a plea to the jurisdiction, which the trial court granted. Watson appealed the trial court's dismissal order in Cause No. 22-0424 to this Court, and we affirmed the trial court's order after concluding that Watson's claims were all barred by sovereign immunity. *See Watson v. City of San Marcos*, No. 03-22-00307-CV, 2023 WL 3010938, at *3-4 (Tex. App.—Austin Apr. 20, 2023, pet. denied) (mem. op.). Watson sought review of this Court's judgment in the Texas Supreme Court, which denied the petition for review.

The City asserted in its Chapter 11 motion that Watson's claims were barred by sovereign immunity and by res judicata. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (noting that res judicata requires proof of prior final judgment on merits by court of competent jurisdiction, identity of parties, and second action based on same claims as

5

were raised or could have been raised in first action). Evidence that this Court previously determined that identical claims brought by Watson against the City were barred by sovereign immunity supports the trial court's determination that Watson's claims were barred by both sovereign immunity and the doctrine of res judicata. The trial court did not err in determining that the City met its burden of demonstrating that there was not a reasonable probability that Watson would prevail on his claims against the City. *See* Tex. Civ. Prac. & Rem. Code § 11.054.

### *Evidence of at least five litigations in the preceding seven-year period decided adversely*

The City presented evidence of at least five litigations in the previous seven-year period that were decided adversely to Watson and thereby met one of the three other statutory criteria required to declare Watson a vexatious litigant. *See id.* § 11.054(1)(A).[1] These litigations are:

• *Watson v. City of San Marcos*, No. 03-22-00307-CV, 2023 WL 3010938 (Tex. App.—Austin Apr. 20, 2023, pet. denied); affirming trial court order granting City of San Marcos's plea to the jurisdiction and dismissing with prejudice Watson's claims against the City.

• *Watson v. Bell County, Texas*; No. 6:19-CV-00626-ADA, 2020 WL 10063083, W.D. Texas (Waco Division), January 27, 2020; granting motion to dismiss Watson's pro se Complaint.[2]

• *Watson v. Texas State Univ.*, No. 1:20-CV-553, W.D. Texas (Austin Division); granting motion to dismiss Watson's pro se Complaint as frivolous.[3]

---

[1] Although Watson asserts that he filed only one litigation as a pro se plaintiff, the court records for each of the litigations plainly state that Watson was appearing pro se.

[2] The United States Court of Appeals for the Fifth Circuit concluded that Watson's appeal of the district court's dismissal order was frivolous, dismissed the appeal, and warned Watson that future frivolous, repetitive, or abusive filings may result in sanctions. *See Watson v. Bell County, Texas*; No. 20-50072, 814 Fed. Appx. 890 (5th Cir. 2020).

[3] The United States Court of Appeals for the Fifth Circuit concluded that Watson's appeal of the district court's dismissal order was frivolous, dismissed the appeal, and sanctioned

• *Watson v. Texas State Univ.*, No. 03-20-00566-CV, 2020 WL 7757362 (Tex. App.—Austin Dec. 30, 2020, no pet.); dismissing Watson's appeal for want of jurisdiction.

• *In re Watson*, No. 03-21-00231-CV, 2021 WL 2006478, (Tex. App.—Austin May 19, 2021, orig. proceeding); dismissing Watson's petition for writ of mandamus seeking relief against the Texas Comptroller of Public Accounts for want of jurisdiction.

Each of these is a section 11.054(1)(A) qualifying litigation. *See* Tex. Civ. Prac. & Rem. Code § 11.054(1)(A). The evidence is legally and factually sufficient to support the trial court's determination that Watson had commenced, prosecuted, or maintained at least five litigations as a pro se litigant that were determined adversely to him. The City met its burden under section 11.054(1)(A).

Moreover, the City also demonstrated that Watson met another of the three statutory criteria to be a vexatious litigant because, after Cause No. 22-0424 in Hays County District Court had been finally determined adversely to him, he filed an identical pleading (the original petition in the underlying proceedings) in Hays County District Court. *See id.* § 11.054(2)(B) (providing statutory criteria for declaring plaintiff vexatious litigant if, after litigation has been finally determined against him, he relitigates or attempts to relitigate the cause of action, claim, controversy, or any issues of fact or law determined by final determination against same defendant).

In his appellate briefing, Watson asserts that the trial court lacked jurisdiction to declare him a vexatious litigant because he was not the "plaintiff" in the underlying proceeding. This position is directly contradicted by the record, which includes Watson's original petition filed by him as plaintiff against the City. Watson also asserts that the trial court could not

Watson in the amount of $500. *See Watson v. Texas State Univ.*; No. 20-50436, 829 F.App'x 686 (5th Cir. 2020).

7

declare him a vexatious litigant because, in his view, only the local administrative judge has the authority to declare a person a vexatious litigant. We disagree. While the local administrative judge has the authority to consider the filing request of a person already deemed a vexatious litigant, *see id.* § 11.102, there is no such restriction on which court may entertain and rule on a motion to declare a plaintiff a vexatious litigant or to enter a prefiling order. *See id.* §§ 11.051 (providing that "in a litigation in this state, the defendant may [] move *the court* for an order determining that the plaintiff is a vexatious litigant"), .101 ("*A court* may, on is own motion or the motion of any party, enter" a prefiling order) (emphases added). Finally, Watson complains that the trial court did not file findings of fact and conclusions of law despite his request that it do so. However, a trial court is not required to file findings of fact or conclusions of law here "because the vexatious litigant issue was not tried in a conventional bench trial." *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 802 (Tex. App.—Dallas 2000, pet. denied); *see IKB Indus. (Nigeria) Ltd. V. Pro-Line Corp.*, 938 S.W. 2d 440, 442 (Tex. 1997) (noting that purpose of rule 296 is to give party right to findings of fact and conclusions of law following conventional trial on merits and that in other situations party is not entitled to findings and conclusions because they are often unnecessary and requiring them in every case would unduly burden trial courts).

## CONCLUSION

The trial court's determinations that the City met its burden of establishing the criteria for declaring Watson a vexatious litigant are supported by legally and factually sufficient evidence. We conclude that the trial court did not abuse its discretion in declaring Watson a vexatious litigant, and we therefore affirm the trial court's order.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   July 31, 2024