# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-14-00670-CV

---

**Mary E. Allen, Appellant**

**v.**

**Wells Branch Self Storage, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO. C-1-CV-14-007235, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from disputes between a self-storage company and one of its former customers regarding amounts allegedly due on her account. Litigation began when the customer, Mary E. Allen, sued the company, Wells Branch Self Storage, in small claims court. Wells Branch asserted counterclaims and ultimately obtained a judgment awarding it damages and attorney's fees and ordering that Allen take nothing on her claims. Allen appealed to the county court at law, where, following a de novo bench trial, Wells Branch prevailed again, obtaining another judgment that Allen take nothing and awarding it damages and attorney's fees. Allen then perfected the present appeal to this Court.

In support of her appeal, and in lieu of a conventional brief, Allen has filed a "true statement" that consists of a ten-page handwritten narrative that evidently is intended to explain her perspective regarding the underlying disputes. To the extent Allen is attempting to present evidence

of facts for us to decide (or re-decide) on appeal, that is not the proper role of an appellate-level court like ours—instead, we are empowered only to decide whether the trial-level court committed some sort of legal error that affected its judgment.[1] Within these constraints, the most generously we can construe Allen's filing (and leaving aside her noncompliance with the requirements for briefs that are prescribed by the Texas Rules of Appellate Procedure[2]) is that she complains in substance that the evidence presented to the trial court was legally or factually insufficient to support its findings of facts that were necessary to support its judgment. Allen cannot prevail on that complaint, however, for reasons that include her failure to bring forward a reporter's record from the trial. In that procedural posture, we must presume that the trial court heard sufficient evidence to support

---

[1] *See, e.g.*, *Black + Vernooy Architects v. Smith*, 346 S.W.3d 877, 884 n.5 (Tex. App.—Austin 2011, pet. denied) (appellate review is confined to record from trial court) (citing *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied)); *see also, e.g.*, *Mitchell v. Texas Dep't of Family & Protective Servs.*, No. 03-07-00348-CV, 2008 WL 2065939, at *2 (Tex. App.—Austin May 15, 2008, no pet.) (mem. op.) ("We are confined to reviewing whether appellant has shown that the trial court committed an error warranting reversal of the judgment."); *Hollenbeck v. Mercedes-Benz USA, LLC*, No. 03-06-00751-CV, 2008 WL 1753580, at *1 (Tex. App.—Austin Apr. 16, 2008, no pet.) (mem. op.) ("On appeal, an appellant must show errors by the district court, preserved for review, that merit reversal of the judgment." (citing Tex. R. App. P. 33.1, 38.1, 44.1)).

[2] *See* Tex. R. App. P. 38.1–.9; *see also id*. R. 42.3(c) (allowing appellate courts to dismiss appeals for want of prosecution "because the appellant has failed to comply with a requirement of these rules").

any fact findings that were necessary to support its judgment.[3]  Consequently, Allen has not shown reversible error, and we affirm the trial court's judgment.[4]



Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 25, 2015

---

[3] *See, e.g.*, *Singh v. Federal Nat'l Mortg. Ass'n*, No. 03-14-00354-CV, 2014 WL 6893696, at *2 (Tex. App.—Austin Dec. 5, 2014, no pet.) (mem. op.) (because no reporter's record brought forward on appeal, appellate court must presume implied findings by trial court were supported by sufficient evidence) (citing *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)); *see also Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment." (internal quotation omitted)).

[4] We recognize that Allen has attempted to represent herself throughout these proceedings, but we must apply the same substantive and procedural standards to her as we do litigants represented by counsel, lest we afford her an unfair advantage merely because she is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).