**AFFIRMED and Opinion Filed August 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00607-CV

### PETER BEASLEY, Appellant
### V.
### SOCIETY OF INFORMATION MANAGEMENT, DALLAS AREA CHAPTER; JANIS O'BRYAN AND NELLSON BURNS, Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05278**

## MEMORANDUM OPINION
Before Justices Whitehill, Osborne, and Carlyle
Opinion by Justice Osborne

Appellant Peter Beasley, appearing pro se, appeals from the trial court's orders declaring him a vexatious litigant and dismissing his claims with prejudice for failure to post the required security. We overrule Beasley's issues and affirm the trial court's orders declaring Beasley a vexatious litigant and dismissing his claims with prejudice.

### BACKGROUND

The facts are well-known to the parties, and we do not repeat them here except as necessary to explain the basic reasons for our decision. TEX. R. APP. P. 47.4.

Beasley filed this suit in Collin County district court against Society of Information Management, Dallas Area Chapter ("SIM"), Janis O'Bryan, and Nelson Burns[1] on November 30, 2017, alleging claims for breach of contract, fraudulent inducement, defamation, "breach of duties," and due process violations, asserting derivative claims on SIM's behalf, and seeking declaratory and injunctive relief. Beasley had already asserted most of these claims against SIM in a Dallas County lawsuit that he voluntarily dismissed on October 5, 2017.

SIM filed a motion to transfer venue on January 16, 2018, an original answer on January 22, 2018, and a motion to declare Beasley a vexatious litigant on April 19, 2018. The Collin County trial court granted the motion to transfer venue to Dallas County.

The trial court granted SIM's motion to declare Beasley a vexatious litigant by order dated December 11, 2018. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.001–11.104 (Vexatious Litigants) ("VLA" or "Chapter 11"). The trial court also ordered Beasley to furnish security in the amount of $422,064.00. When Beasley failed to furnish security by the date set in the court's order, the trial court signed a final order of dismissal and take nothing judgment on June 11, 2019. Beasley now appeals, challenging the trial court's declaration that he is a vexatious litigant and the dismissal of his lawsuit.

---

[1] We refer to appellees collectively as "SIM" except where individual reference is necessary.

## STANDARD OF REVIEW

We review the trial court's determination that Beasley was a vexatious litigant under an abuse of discretion standard. *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied). Under that standard, we are not free to substitute our own judgment for the trial court's judgment. *Id.* A trial court abuses its discretion if it acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *Id.*

## DISCUSSION

In Chapter 11, the Texas Legislature "sought to strike a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit." *Id.* at 364–65. The purpose behind the statute was to curb vexatious litigation by requiring plaintiffs found by the court to be "vexatious" to post security for costs before proceeding with a lawsuit. *Id.* at 365.

Beasley asserts twenty-five issues challenging the trial court's vexatious litigant order and judgment. He divides the issues into five categories: (1) inapplicable statutory use and legal sufficiency (Issues 1–5), (2) evidentiary challenges (Issues 6–12), (3) frauds on the court (Issues 13–14), (4) constitutional challenges (Issues 15–23), and (5) summary (Issues 24–25). We address all of Beasley's issues although we group some of them differently.

### 1. Applicability of Chapter 11 (Issue 2)

In his second issue Beasley argues he did not "commence" or "maintain" a litigation pro se within the meaning of Chapter 11 because he was a "counter-defendant" once SIM (1) moved to transfer venue to Dallas and (2) paid the filing fee in Dallas County. *See* VLA § 11.001(5) (defining "plaintiff" as "an individual who commences or maintains a litigation pro se"). Beasley contends that by taking these actions, SIM "consented to being sued" in a lawsuit that Beasley "did not file, prosecute or maintain." Beasley further argues that because SIM moved to transfer venue and paid the Dallas County filing fee, SIM was not a "defendant" under Chapter 11, defined in section 11.001(1) as "a person . . . against whom a plaintiff commences or maintains or seeks to commence or maintain a litigation." *Id.* § 11.001(1).

Both Beasley's original petition and his operative petition filed after the case was transferred to Dallas County begin with Beasley's assertion that "Plaintiff, Peter Beasley, ("Beasley") files this . . . Petition, complaining of Defendant" SIM. Both petitions state "claim[s] for relief" including "monetary relief over $1,000,000," "non-monetary relief," declaratory and injunctive relief, and "imposition of a receiver to take control over" SIM. SIM is identified in both petitions as "defendant." We conclude that Beasley both initiated the suit and "maintain[ed]" it as "plaintiff" against SIM as "defendant" within the meaning of section 11.001, subsections (1) and (5). We decide Beasley's second issue against him.

**2.      Timeliness of SIM's motion (Issue 3)**

SIM filed its Chapter 11 motion more than 90 days after filing its motion to transfer venue, but less than 90 days after filing its answer. In his third issue, Beasley contends SIM's motion was untimely under section 11.051, which requires a defendant to file a motion for an order determining the plaintiff is a vexatious litigant "on or before the 90th day after the date the defendant files the original answer or makes a special appearance." VLA § 11.051.

SIM filed a pleading entitled "Defendants' Motion to Transfer Venue" on January 16, 2018. The body of the motion presents SIM's argument that Beasley filed the same claims in a 2016 lawsuit in Dallas County requesting the same relief, and the case should be "transferred back to Dallas County." In the "conclusion and prayer," however, SIM requests that Beasley:

> take nothing by way of his claims, that Defendants recover their attorneys' fees, costs and expenses as allowed by law, that this cause be transferred back to the 162nd Judicial District Court of Dallas County, Texas and for such other and further general relief, at law or in equity, as the ends of justice require and to which the evidence may show it justly entitled.

Six days later, on January 22, 2018, SIM filed a pleading entitled "Subject to Defendants' Motion to Transfer Venue, Defendants' Original Answer, General Denial and Affirmative Defenses." The substance of this pleading was, in fact, a general denial of Beasley's claims and assertions of affirmative defenses, concluding with a similar prayer.

Relying on civil procedure rule 85, Beasley argues that SIM's motion to transfer venue was an "answer" within the meaning of section 11.051, rendering SIM's vexatious litigant motion untimely. Rule 85 provides that "[t]he original answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas; of special exceptions, of general denial, and any defense by way of avoidance or estoppel . . . ." TEX. R. CIV. P. 85. Beasley also contends that under rule of civil procedure 71 we must construe the motion to transfer venue as an answer. *See* TEX. R. CIV. P. 71 (misnomer of pleading does not render it ineffective, and court will treat pleading as if properly named); *Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 899 n.1 (Tex. App.—Dallas 2006), *aff'd*, 290 S.W.3d 886 (Tex. 2009) (citing rule 71 and construing motion to compel an appraisal as a motion for summary judgment).

Courts have construed rule 85 broadly when determining whether a pleading constitutes an "answer" or "appearance" entitling a defendant to notice of a trial setting as a matter of due process. *See, e.g., Tunad Enters., Inc. v. Palma*, No. 05-17-00208-CV, 2018 WL 3134891, at *5 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (citing cases for proposition that Texas courts "have been reluctant to uphold default judgments where some response is found in the record"); *In re R.K.P.*, 417 S.W.3d 544, 549 (Tex. App.—El Paso 2013, no pet.) ("If a timely answer has been filed, or the respondent has otherwise made an appearance in a contested case, she is entitled to notice of the trial setting as a matter of due

process."). The question here is different: whether we must construe a document—entitled and in substance a "motion to transfer venue"—as a rule 85 "answer," when the defendant has also timely filed an answer.

Here, SIM's vexatious litigant motion was filed within the time period expressly provided in section 11.051, that is, "on or before the 90th day after the defendant files the original answer or makes a special appearance." Although under civil procedure rules 85 and 86, SIM could have included its motion to transfer venue in its answer, it was not required to do so. *See* TEX. R. CIV. P. 85 (answer "may" consist of motions to transfer venue), TEX. R. CIV. P. 86.1 (objection to venue must be made "prior to or concurrently with any other plea"). The applicable rules and statutory provisions required SIM (1) to file its motion to transfer venue "prior to or concurrently with any other plea, pleading or motion," (2) to timely file its answer, and (3) to file its vexatious litigant motion on or before the 90th day after filing its answer. *See* TEX. R. CIV. P. 86.1 and 99.b.; VLA § 11.051. We conclude SIM met these requirements and timely filed its vexatious litigant motion. We decide Beasley's third issue against him.

## 3.     Effect of SIM's nonsuit (Issue 13)

In his thirteenth issue, Beasley argues that by taking a nonsuit of its counterclaims, SIM necessarily nonsuited its vexatious litigant motion. He contends there was a "fraud on the court" because SIM's nonsuit offer was "conditional" on

the trial court's denial of Beasley's motion to reconsider the order declaring him a vexatious litigant, and there is no authority permitting "conditional" nonsuits.

SIM's counterclaims were for a declaratory judgment regarding the propriety of its board of directors' actions and for defamation per se. At the end of the hearing on Beasley's motion to reconsider the vexatious litigant order, the trial court took the motion under advisement, and SIM's counsel announced:

> MR. BRAGALONE: Yes, Your Honor, I have my client's authority now to nonsuit with prejudice the counterclaims that the defendants filed, so I'm presenting you with what's styled the final order of dismissal and take-nothing judgment—
>
> THE COURT: And that's pending my resolution [of Beasley's motion to reconsider].
>
> MR. BRAGALONE: Yes, Your Honor. So if you were to deny the motion to reconsider with a nonsuit, now it becomes a final judgment.

The record reflects the court's intent to take Beasley's motion under advisement, which it did. Neither the court nor SIM's counsel expressed any intent or understanding that SIM was withdrawing its motion to declare Beasley a vexatious litigant. The comments were made at the end of a two-hour hearing at which SIM opposed Beasley's motion to reconsider the trial court's prior ruling on that same motion. The record reflects that SIM sought denial of Beasley's motion to reconsider, dismissal of Beasley's lawsuit, and a final judgment. No fraud on the court is apparent from the record. *See Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *8 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (general complaint of "fraud on the court" without citation to legal

authority or "specific, lawful objections made in the trial court" presented nothing for appellate review). We decide Beasley's thirteenth issue against him.

Having concluded that SIM's motion to declare Beasley a vexatious litigant was properly before the trial court, we next consider Beasley's issues regarding the motion's substance.

**4. Reasonable probability of prevailing on claims in this lawsuit (Issues 4 and 5)**

Beasley's claims in this lawsuit arise from his removal from SIM's board of directors in April 2016. SIM is "a national, professional society of information technology (IT) leaders which seeks to connect senior level IT leaders with peers, provide opportunities for collaboration, and provide professional development." *See Beasley v. Soc'y of Info. Mgmt.*, No. 05-17-01286-CV, 2018 WL 5725245, at *1 (Tex. App.—Dallas Nov. 1, 2018, pet. denied) (mem. op.). In his operative petition, Beasley alleges that "[t]his lawsuit stems from Beasley, a board member with legal fiduciary duties, to have SIM Dallas operate within its own bylaws . . . ." In its motion to declare Beasley a vexatious litigant, SIM explained that Beasley's "claims all arise out of the same factual nexus," that SIM "was 'wasting' funds by engaging in philanthropy and support of local STEM education efforts in the Metroplex," "authorizing a 'give away' of member dues in contravention of its Articles of Incorporation." SIM's executive committee decided to seek Beasley's resignation based on this and other disputes, but before they could do so, Beasley filed suit. After

Beasley's initial *ex parte* TRO expired, SIM's executive board met and expelled Beasley from SIM.

Beasley has alleged claims for breach of contract (Counts 1 and 3 of his operative petition), fraudulent inducement (Count 2), defamation (Count 5), violation of his due process rights (Count 7), tortious interference with contractual relationships (Counts 8–11), business disparagement (Count 12), and breach of duties and ultra vires acts by individual defendants Burns and O'Bryan (Count 13). He has also requested an injunction against ultra vires acts of SIM (Count 4) and declaratory relief (Count 6). Counts 4 and 13 are alleged as derivative claims on SIM's behalf. Count 12 is alleged by Beasley on behalf of Netwatch Solutions, Inc. as its sole owner.

On appeal, Beasley argues that SIM did not offer any sworn testimony or other evidence to support its contention that Beasley could not prevail on his suit, citing *Amir-Sharif v. Quick Trip Corp.*, 416 S.W.3d 914, 920–21 (Tex. App.—Dallas 2013, no pet.) (reversing and remanding for further proceedings where defendants offered evidence of litigation history but no evidence showing why Amir-Sharif could not prevail in the litigation). Beasley contends that five of his claims are "unchallenged":

- SIM's board was "illegally constituted,"

- there were "numerous dates and acts of defamation,"

- SIM breached oral contracts to provide insurance and to request Beasley's resignation before instituting expulsion proceedings,

–10–

- fraudulent inducement on the same grounds as the breach of contract claims, and

- "derivative suits against O'Bryan and Burns."

Beasley concludes that the evidence is legally insufficient to support the trial court's finding that there is not a reasonable probability he will prevail on his claims. *See* VLA § 11.054.

In support of its motion alleging that "there is not a reasonable probability" that Beasley will prevail on his claims in this litigation, *see id.*, SIM attached exhibits A through S, consisting of pleadings, orders, affidavits, and deposition excerpts in this and related cases, and additional exhibits were admitted into evidence at the hearing. SIM addressed each of Beasley's causes of action pleaded in his operative petition, arguing and citing supporting evidence that:

- SIM had already prevailed on Beasley's "core claims" under the November 3, 2017 judgment rendered in a previous lawsuit Beasley filed in 2016 against SIM (identified below as "LN 7");

- Beasley's claims that SIM breached contracts allowing him to resign from the Board and to pay his legal expenses if he sued SIM were not likely to succeed because (1) Beasley's demands precluded SIM from requesting his resignation and (2) any agreement to pay legal fees did not cover suits by Beasley against SIM;

- Beasley's claims for tortious interference and defamation were based on communications among the lawyers and parties in the course of the litigations between Beasley and SIM and are not actionable as a result; and

- Beasley's remaining claims belong to his company, Netwatch, but Netwatch is not a party to this suit, and in any event, SIM provided

evidence that the contract with which Beasley alleges SIM interfered was paid in full for the two years in question.

SIM also argues that the doctrine of judicial nonintervention applies to all of Beasley's claims relating to his expulsion from SIM's board of directors. *See, e.g., Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet. denied) ("Traditionally, courts are not disposed to interfere with the internal management of a voluntary association.").

In his previous lawsuit against SIM arising out of his expulsion, Beasley nonsuited his claims. *See Beasley*, 2018 WL 5725245, at *1. After he did so, that trial court rendered judgment on November 3, 2017, ruling that SIM prevailed on Beasley's declaratory judgment claims. *See id.* at *5. The claims addressed in that order on which SIM prevailed included Beasley's requests for declarations that:

- the April 19, 2016 meeting of SIM's executive committee that resulted in Beasley's expulsion from SIM violated SIM's bylaws, due process protections under the Texas Constitution, and applicable provisions of the Texas Business Organizations Code, so that Beasley's expulsion was void and of no effect and that his status as a board member and a member of SIM were and are unaffected;

- the acts of SIM's executive committee since April 19, 2016, are void; and

- SIM's charitable giving and philanthropy violate SIM's bylaws and articles of incorporation.[2]

---

[2] Beasley's operative petition from his 2016 lawsuit against SIM was included in the attachments to SIM's vexatious litigant motion in this case, as well as the November 3, 2107 "Order Granting Attorney's Fees to Defendant as Prevailing Party on Declaratory Judgment Claims" in that case.

We conclude that the record as a whole supports a finding that "there is not a reasonable probability that [Beasley] will prevail in the litigation against [SIM]." VLA § 11.054. The underlying factual basis for his claims is his expulsion from a voluntary association, a matter in which courts "are not disposed to interfere." *See Dickey*, 12 S.W.3d at 176. Although Beasley correctly argues that there are exceptions to this rule, such as "when the actions of the organization are illegal, against some public policy, arbitrary, or capricious," *see id.*, one trial court has already found that the strength of SIM's motion for summary judgment on Beasley's claims was one of the reasons for Beasley's October 2017 nonsuit in his previous litigation against SIM. *See Beasley*, 2018 WL 5725245, at *2. Further, Beasley attempts to assert claims on behalf of a non-party corporation and seeks to recover damages for statements made in the course of litigation. In *Jenevein v. Friedman*, 114 S.W.3d 743, 745 (Tex. App.—Dallas 2003, no pet.), we explained that any communication in the course of a judicial proceeding is absolutely privileged and cannot constitute a basis of a damages action for defamation. The privilege extends to "any statement" made by counsel, parties, or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits, and pleadings or other papers. *Id.* The trial court did not abuse its discretion by finding that SIM met its burden under section 11.054 to show that there is not a reasonable probability that Beasley will prevail in the litigation.

*See Drum*, 299 S.W.3d at 364. We decide Beasley's fourth and fifth issues against him.

**5.    Criteria for vexatious litigant declaration (Issues 1, 6–11, 20–23)**

Under Chapter 11, a party moving for a vexatious litigant declaration may show that a plaintiff has, in the seven-year period prior to filing the motion, "commenced, prosecuted or maintained" at least five "litigations," defined as "a civil action commenced, maintained, or pending in any state or federal court." VLA §§ 11.054(1); 11.001. The litigations must have been finally determined adversely to the plaintiff, or permitted to remain pending at least two years without having been brought to trial or hearing, or determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. *Id.* § 11.054(1)(A)–(C).

SIM relies on nine[3] litigations. Beasley has challenged each litigation for lacking some or all of the statutory requirements. He has also complained of the trial court's failure to file fact findings, and he has challenged the admissibility of SIM's evidence of all of the litigations. We consider these latter questions first.

---

[3] In addition to the seven litigations that were the basis for SIM's motion, SIM offered evidence in the trial court of two additional litigations. Beasley challenges all nine of these litigations in his appellate briefing.

## A.    Necessity of fact-findings (Issue 1)

In his first issue, Beasley contends the trial court erred by failing to file findings of fact at his request. *See* TEX. R. CIV. P. 296 ("In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law."). In *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 802 (Tex. App.—Dallas 2006, pet. denied), an appeal of a vexatious litigant finding, we explained that "[w]hile findings of fact and conclusions of law may have been helpful, they were not required because the vexatious litigant issue was not tried in a conventional bench trial." We cited *IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997), where the court explained, "[t]he purpose of [civil procedure] Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court. In other cases findings and conclusions are proper, but a party is not entitled to them." In *Willms*, we concluded that even if the trial court erred by failing to file findings, the error was harmless because there was "only a single ground for determining the Willmses vexatious litigants before the court"—repeated litigation attempts under VLA section 11.054(2)—"and the Willmses did not have to guess at the reasons for the district court's ruling." *Willms*, 190 S.W.3d at 802–03.

Similarly here, the basis for SIM's motion was VLA section 11.054(1), that Beasley maintained at least five litigations in the seven-year period preceding the

date of the motion. *See* VLA § 11.054(1). As in *Willms*, we conclude that error, if any, was harmless. *See Willms*, 190 S.W.3d at 802–03. We decide Beasley's first issue against him.

### B. Admissibility of evidence (Appellant's Brief Part II)

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam). We will uphold the ruling if there is any legitimate basis in the record to support it. *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 490 (Tex. App.—Dallas 2016, pet. denied). To reverse an erroneous evidentiary ruling, an appellant must both establish error and show that the error probably caused an improper judgment. TEX. R. APP. P. 44.1; *Thawer v. Comm'n for Lawyer Discipline*, 523 S.W.3d 177, 183 (Tex. App.—Dallas 2017, no pet.).

Beasley argues that because SIM failed to provide certified, self-authenticated, or sworn copies of the prior litigations, there was no evidence to meet 11.054(1)'s requirements. VLA § 11.054(1). At trial, SIM offered into evidence a volume of exhibits containing opinions, orders, and other court filings in the litigations at issue. Beasley objected at trial that none of "the alleged public records are properly authenticated." The trial court overruled Beasley's objection, stating that the documents were self-authenticating. *See generally* TEX. R. EV. 902 (evidence that is self-authenticating). SIM cites *Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, 443 S.W.3d 250, 259 (Tex. App.—Corpus Christi-Edinburg

–16–

2014, no pet.), for the proposition that documents from government websites are self-authenticating under rule of evidence 902(5). *See* TEX. R. EV. 902(5) (official publications by public authorities are self-authenticating).

We conclude that Beasley's blanket objection to over 800 pages of exhibits, some of which were publicly-issued orders and opinions of this Court, was insufficient to preserve a specific objection to any particular exhibit the trial court admitted into evidence. "'A general objection to a unit of evidence as a whole, . . . which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible.'" *Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 797 (Tex. App.—Dallas 2013, no pet.) (quoting *Speier v. Webster College*, 616 S.W.2d 617, 619 (Tex. 1981)). "Absent a specific objection, the complaining party waives any argument to the improper admission or consideration of the evidence." *Id.* We conclude that the trial court did not abuse its discretion in admitting the evidence.

C.     **Challenges to individual litigations (Issues 6–11, 20–23)**

Next, we consider the litigations SIM alleges Beasley "commenced, prosecuted, or maintained" in the seven-year period before SIM filed its vexatious litigant motion. *See* VLA § 11.054(1) (vexatious litigant criteria). A "litigation" is "a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2). The trial court was required to find at least five litigations meeting the statutory criteria in order to find Beasley to be a vexatious litigant under section

–17–

11.054, subsection (1). *Id.* § 11.054(1). These litigations must have been finally adversely determined to Beasley, or permitted to remain pending at least two years without having been brought to trial or hearing, or determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. *Id.* § 11.054(1)(A)–(C).

### i. Number of litigations (Issue 6)

SIM contends there are nine litigations meeting the statutory criteria:

1. *Peter Beasley v. Susan M. Coleman and Randall C. Romei*, No. 1:13-cv-1718 in the United States District Court for the Northern District of Illinois ("LN [Litigation No.] 1");

2. *Peter Beasley v. John Krafcisin, John Bransfield, Ana-Maria Downs, and Hanover Insurance Co.*, No. 3:13-cv-4972-M-BF in the United States District Court for the Northern District of Texas, Dallas Division ("LN 2");

3. *Peter Beasley v. Seabrum Richardson and Lamont Aldridge*, No. 05-15-01156-CV, 2016 WL 5110506 (Tex. App.—Dallas Sept. 20, 2016, pet. denied) (mem. op.) ("LN 3");

4. *In re Peter Beasley*, No. 05-15-00276-CV, 2015 WL 1262147 (Tex. App.—Dallas Mar. 19, 2015) (orig. proceeding) (mem. op.) ("LN 4");

5. *In re Peter Beasley*, No. 05-17-01365-CV, 2017 WL 6276006 (Tex. App.—Dallas Dec. 11, 2017) (orig. proceeding) (mem. op.) ("LN 5");

6. *In re Peter Beasley*, No. 17-1032 in the Supreme Court of Texas ("LN 6");

7. *Peter Beasley v. Society for Information Management*, No. DC-16-03141 in the 162nd Judicial District Court of Dallas County ("LN 7");

–18–

8.    *In re Peter Beasley*, No. 05-18-00382-CV, 2018 WL 2126826 (Tex. App.—Dallas May 8, 2018) (orig. proceeding) (mem. op.) ("LN 8"), and

9.    *In re Peter Beasley*, No. 05-18-00395-CV, 2018 WL 1919008 (Tex. App.—Dallas Apr. 24, 2018) (orig. proceeding) (mem. op.) ("LN 9").

Beasley challenges each of the nine[4] as failing to meet one or more of the statutory criteria.

### ii.    Pro se (Issue 7)

Beasley argues that only LN 7 has "any reference that Beasley commenced, prosecuted, or maintained [the] litigations pro se, which is required." *See* VLA § 11.054(1). Beasley did not raise this objection in the trial court, and does not now argue that he was, in fact, represented by counsel in any proceeding other than LN 7. Beasley argues that at the time LN 7 was dismissed by the trial court, he was represented by counsel. SIM contends the VLA contemplates that a pro se litigant may at different times in a proceeding lose or gain counsel by providing that a plaintiff "has commenced, prosecuted, or maintained" litigations "as a pro se litigant." VLA § 11.054(1). We concluded in *Drake v. Andrews*, 294 S.W.3d 370, 374–75 (Tex. App.—Dallas 2009, pet. denied), that the VLA's language "is broad

---

[4] Beasley lists two additional prior litigations, both original proceedings in this Court captioned *In re Peter Beasley, Relator*, but argues they do not meet the VLA's requirements because he filed them after SIM filed its VLA motion. *See In re Beasley*, No. 05-18-00553-CV, 2018 WL 2315964, at *3 (Tex. App.—Dallas May 22, 2018, orig. proceeding) (mem. op.) (writs of injunction and mandamus denied); *In re Beasley*, No. 05-18-00559-CV, 2018 WL 2316017, at *1 (Tex. App.—Dallas May 22, 2018, orig. proceeding) (mem. op.) (mandamus denied). Because SIM does not rely on them to meet the VLA's requirements, we do not discuss them further.

enough to reach all vexatious litigants, whether represented by counsel or not." That Beasley was at times represented by counsel does not render the VLA inapplicable to his litigations. *See id.* We decide Beasley's seventh issue against him.

### iii.     Adverse determination (Issues 10, 20, and 23)

Beasley argues that LN 1 and LN 2 were not determined adversely to him because the courts "did not have jurisdiction to render any judgment." In LN 1, Beasley sued his former attorney and the judge presiding over an Illinois probate proceeding in which Beasley was the former representative of the estate. *See Beasley v. Coleman*, 560 Fed. App'x 578, 579 (7th Cir. Feb. 21, 2014) (Mem.). A federal district court and a federal circuit court on appeal determined that under the "probate exception" to federal jurisdiction, the district court lacked jurisdiction over Beasley's claims. *See id.* at 580. The district court's judgment also reflects that Beasley's claim against Coleman, the Cook County judge, initially was dismissed "on the grounds that it was filed frivolously."[5]

LN 2, filed in the Northern District of Texas, also arose from an Illinois probate matter. The district court granted defendants' motions to dismiss Beasley's claims for injunctive and declaratory relief under the *Younger* abstention doctrine and his remaining claims for improper venue. *See Beasley v. Krafcisin*, No. 3:13-

---

[5] The appeals court noted that "[a]fter Beasley moved to correct the judgment to a dismissal without prejudice and to reinstate the conspiracy claim against Romei, the district court granted Beasley's motion in part. It amended its order to specify that the dismissal was 'for want of jurisdiction without determining the merits of any putative claim in the complaint,' but the court declined to revive the conspiracy claim." 560 Fed. App'x at 579.

CV-4972-M-BF, 2014 WL 4651996, at *4 (N.D. Tex. Sept. 17, 2014) (Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge), *aff'd per curiam*, 609 Fed. App'x 215 (5th Cir. July 7, 2015) (mem.). Beasley cites no authority for the proposition that cases dismissed for lack of jurisdiction cannot constitute adverse determinations under VLA section 11.054(1)(A). SIM relies on *Leonard v. Abbott*, 171 S.W.3d 451, 459–60 (Tex. App.—Austin 2005, pet. denied), where the court counted several litigations dismissed for lack of subject matter jurisdiction in meeting the VLA's numerosity requirement. SIM also points out that in any event, a litigation determined by a court to be frivolous under state or federal law separately qualifies under VLA subsection 11.054(1)(C). We conclude that the trial court did not abuse its discretion by concluding that LN 1 and LN 2 were determined adversely to Beasley.

Next, Beasley argues that LN 3 and LN 7 were not determined adversely to him because they were voluntary nonsuits. SIM offered evidence, however, that LN 3 was Beasley's appeal of an order dismissing his case with prejudice on Beasley's own motion; in other words, Beasley appealed the granting of his own motion for nonsuit. *See Beasley v. Richardson*, No. 05-15-01156-CV, 2016 WL 5110506, at *1 (Tex. App.—Dallas Sept. 20, 2016, pet. denied) (mem. op.). LN 7 is another, previously-filed suit against SIM arising from the same circumstances that Beasley complains of in this case. *See Beasley*, 2018 WL 5725245, at *1 (appeal of attorney's fees award). Although Beasley nonsuited his claims on the merits, he

–21–

continued to litigate, unsuccessfully, the trial court's award of attorney's fees to SIM after the trial court found the nonsuit had been taken to avoid an unfavorable ruling on the merits. *See id.* at *1–2. Beasley's appeal of both judgments is evidence to support a finding that both were determined adversely to him. *See also Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) ("An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial." [internal quotation and citation omitted]). Consequently, Beasley's voluntary nonsuits of LN 3 and LN 7 do not preclude those litigations from counting under section 11.054(1).

Next, Beasley contends that LN 4, 5, 6, 8 and 9, original proceedings in this Court or the Supreme Court of Texas, were not "finally determined adversely" to him because they were filed in the course of ongoing lawsuits and were entirely within the appellate court's discretion. But as the court in *Retzlaff* reasoned, "a person who seeks mandamus relief commences a civil action in the appellate court." *Id.* Although the mandamus proceedings arose from ongoing lawsuits, they were separate original proceedings that did not challenge the trial court's final decision in the underlying case or relate to the merits of the underlying case. *See id.* Each was determined adversely to Beasley. *See* LN 4, 2015 WL 1262147, at *1 (challenge to ruling allowing withdrawal of deemed admissions, mandamus denied); LN 5, 2017

–22–

WL 6276006, at \*1 (challenge to denial of motion to disqualify and recuse trial judge, mandamus denied); LN 6 (same, in Texas Supreme Court, mandamus denied); LN 8, 2018 WL 2126826, at \*1 (challenge to order granting motion to transfer venue, mandamus denied); LN 9, 2018 WL 1919008, at \*1 (complaint that trial court refused to hold hearing on rule 12 motion to show authority, mandamus denied); *cf. Goad v. Zuehl Airport Flying Cmty. Owners Ass'n, Inc.*, 04-11-00293-CV, 2012 WL 1865529, at \*4 (Tex. App.—San Antonio May 23, 2012, no pet.) (mem. op.) (direct appeals and attempted removal to federal court were not separate litigations for purposes of VLA).[6] We conclude that LN 4, 5, 6, 8, and 9 were determined adversely to Beasley. We decide issues 10, 20, and 23 against Beasley.

### iv. Time pending without trial or hearing (Issue 8)

Beasley argues there is no evidence that any of the litigations remained pending for at least two years without having been brought to trial or hearing. *See* VLA § 11.054(1)(B). As we noted, SIM relies on this subsection for its inclusion of LN 7.

SIM argues that LN 7, filed in March 2016, meets the requirements of subsection (1)(B) because Beasley "permitted [LN 7] to remain pending at least two

---

[6] Beasley argues there is no evidence that LN 7 was finally determined adversely to him, because at the time the trial court granted SIM's vexatious litigant motion, the matter was still pending on appeal. VLA § 11.054(1)(A). SIM, however, relies on subsection (1)(B) of section 11.054 for its inclusion of LN 7, not subsection (1)(A). *See* VLA § 11.043(1)(B) (litigation permitted to remain pending at least two years without trial or hearing). Consequently, we discuss this complaint in the next section.

years without having been brought to trial or hearing." *See* VLA § 11.054(1)(B). SIM argues that "the claims filed by Beasley in March 2016 were not brought to trial or hearing before March 2018." In LN 7, Beasley filed a notice of nonsuit in October, 2017, moved to disqualify and recuse the trial judge the following month, and filed his notice of appeal in December 2017. This Court resolved the appeal against Beasley in November 2018, and Beasley filed a petition for review in the Texas Supreme Court that was denied in December 2019. *See Beasley*, 2018 WL 5725245, at *1–2. Beasley's motion for rehearing in the Texas Supreme Court was denied in February 2020. We conclude that Beasley did not bring the claims he filed in March 2016 to trial in LN 7, and, as we have discussed above, filed substantially the same claims in this lawsuit in Collin County in November 2017. We decide Beasley's eighth issue against him.

Having decided Beasley's first, sixth through eleventh,[7] and twentieth through twenty-third issues against him, we conclude that the trial court did not abuse its

---

[7] In his ninth issue, Beasley argues there is no evidence of any litigations that were determined by a trial or appellate court to be frivolous or groundless under any law or rule. *See* VLA § 11.054(1)(C). As we have discussed, the court in LN 1 initially ruled that "The matter is dismissed with respect to Susan M. Coleman on the grounds that it was filed frivolously." The court of appeals' opinion reflects that the court subsequently amended its order at Beasley's request to specify that the dismissal was for want of jurisdiction "without determining the merits of any putative claim in the complaint." *See Beasley*, 560 Fed. App'x at 579. Regardless of whether this litigation also falls within VLA § 11.054(1)(C), we have already concluded that it was properly included in the count of litigations finally determined adversely to Beasley under VLA § 11.054(1)(B).

discretion by concluding that each of the nine litigations met one or more of VLA section 11.054(1)'s requirements.[8]

## 6.    Required security and dismissal (Issues 12 and 25)

Beasley contends the trial court abused its discretion "in affixing a $422,032 security amount—the largest amount in state history without requiring any evidence." Beasley also argues the trial court erred by dismissing his lawsuit for failure to pay the bond. He argues: (1) no security should have been required, since he is not a vexatious litigant, and (2) under VLA section 11.055(c), the amount of security is limited to "defendant's reasonable expenses incurred in or in connection with" the litigation, and SIM did not offer evidence of same.

Subsection (a) of VLA section 11.055 provides that a court "shall" order the plaintiff to furnish security if the court determines, after hearing evidence, that the plaintiff is a vexatious litigant. VLA § 11.055(a). Subsection (c) governs the trial court's determination of the security's amount:

> The court shall provide that the security is an undertaking by the plaintiff to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a

---

[8] In his tenth and twentieth issues, Beasley makes additional arguments that there is no evidence he attempted to relitigate any litigations that were "finally determined" against him under subsection (2) of section 11.054. See VLA § 11.054(2). Subsection 11.054(2) provides an alternative method by which a movant may establish that a plaintiff is a vexatious litigant. Because we have concluded there was evidence to support the trial court's ruling under subsection 11.054(1), we need not consider whether any of the litigations also satisfies the requirements of subsection (2). Similarly, we need not consider Beasley's eleventh issue regarding the lack of evidence to support a finding that he has previously been declared a vexatious litigant. See VLA § 11.054(3). And in Beasley's twenty-first and twenty-second issues, he complains that transfers between courts should not count as adverse judgments. Because no transfer was so treated, we need not consider these issues.

litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees.

VLA § 11.005(c); *see also Willms*, 190 S.W.3d at 805 (trial court is required to order plaintiff to furnish "security for the benefit of the moving defendant" if court determines plaintiff is vexatious litigant).

SIM argues that the security amount was based on the attorney's fees it incurred in LN 7, the first case filed by Beasley against SIM, before judgment was rendered on November 3, 2017. In that case, the trial court awarded SIM $211,032.02 in attorney's fees after finding that Beasley's nonsuit, filed immediately before the scheduled hearing on SIM's motion for summary judgment, was filed to avoid an unfavorable ruling on the merits of Beasley's claims. *See Beasley*, 2018 WL 5725245, at *1–2.

As we have explained, LN 7 arose out of the same facts underlying this lawsuit, specifically, Beasley's expulsion from SIM. *See id.* at *1. When this suit was filed, SIM faced the prospect of beginning again to defend against these claims, this time to their conclusion. Consequently, we conclude it was not an abuse of the trial court's discretion to use the fees SIM incurred in LN 7 as a guide to determine a reasonable amount of security to assure payment to SIM of its reasonable expenses incurred to defend against Beasley's claims in this lawsuit. *See Willms*, 190 S.W.3d at 805 ("[I]f the security is furnished and the litigation is dismissed on the merits, the moving defendant has recourse to the security.").

Beasley also argues that the trial court abused its discretion by dismissing the lawsuit. It is undisputed, however, that Beasley did not furnish the security within the time set in the trial court's order granting SIM's motion to declare Beasley a vexatious litigant. In that circumstance, VLA section 11.056 requires dismissal. *See* VLA § 11.056 ("The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order."); *Willms*, 190 S.W.3d at 805 (trial court must dismiss litigation if plaintiff fails to furnish security for moving defendant's benefit).

We decide issues 12 and 25 against Beasley.

**7.      Constitutional challenges to vexatious litigant statute (Issues 14–23)**

Beasley contends the vexatious litigant statute is unconstitutional because he was denied hearings on his motion for SIM's attorneys to show authority under civil procedure rule 12 and his motion alleging extrinsic fraud, among other matters. He also argues the statute is unconstitutional because its criteria of five litigations in a seven-year period is unreasonable and arbitrary when applied to him. He contends he "demonstrates a pattern of zealous advocacy using properly filed original proceedings before a final judgment" has been rendered.

Beasley specifically criticizes this Court's opinion in *Drum*, arguing that it was applied to him in violation of his due process rights. *See Drum*, 299 S.W.3d at 369. In *Drum*, we overruled Drum's complaint that the trial court should have heard

and ruled on multiple motions he filed after the defendant filed a motion to declare Drum a vexatious litigant. *See id.* We explained,

> Under the vexatious litigant statute, on the filing of a timely motion to declare the plaintiff a vexatious litigant, "the litigation is stayed" until the motion is decided. TEX. CIV. PRAC. & REM. CODE ANN. § 11.052(a). Consequently, based on the record presented here, the trial court was required to rule on the vexatious litigant motions before it could reach Drum's motions. *Id.* And when those motions were granted, the litigation remained stayed as a matter of statutory law unless and until Drum posted the required security. *Id.* § 11.052(a)(2).

*Drum*, 299 S.W.3d at 369. Beasley argues that applying *Drum* here "[was] not fair" and violated his due process rights because it precluded him from "challeng[ing] issues directly related to the vexatious litigant hearing."

In *Leonard*, the court considered a challenge to the VLA's constitutionality. *See Leonard*, 171 S.W.3d at 457–58. The court reasoned that the VLA's "restrictions are not unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Id.* at 457. Citing the VLA's purpose to restrict frivolous and vexatious litigation, the court explained that the VLA "does not authorize courts to act arbitrarily, but permits them to restrict a plaintiff's access to the courts only after first making specific findings that the plaintiff is a vexatious litigant based on factors that are closely tied to the likelihood that the incident litigation is frivolous." *Id.* The court noted that the plaintiff was not categorically barred from prosecuting his lawsuit, "but merely [was] required . . . to post security to cover appellees' anticipated expenses to defend what the circumstances would reasonably suggest is

a frivolous lawsuit." *Id.* Further, the VLA's requirement that plaintiffs obtain a prefiling order does not prohibit them from filing new lawsuits; they are "merely required to obtain permission from the local administrative judge before filing." *Id.* at 458 (citing VLA § 11.101–.102). The court concluded, "[t]he restrictions are not unreasonable when balanced with the significant costs of defending [the plaintiff's] likely frivolous lawsuits in the future." *Id.* This court reached a similar conclusion in *Dolenz v. Boundy*, No. 05-08-01052-CV, 2009 WL 4283106, at *3–4 (Tex. App.—Dallas 2009, no pet.) (mem. op.), rejecting the plaintiff's open courts, due process and equal protection challenges to the VLA. *See also Retzlaff*, 356 S.W.3d at 702–04 (same).

Similarly here, the trial court's order "did not categorically bar [Beasley] from prosecuting his lawsuit," *see Leonard*, 171 S.W.3d at 457, nor was Beasley barred from bringing matters "material to the ground" of SIM's VLA motion to the trial court's attention at the hearing, although the litigation was stayed. *See* VLA § 11.053(a), (b) (court shall conduct a hearing on the vexatious litigant motion, and "may consider any evidence material to the ground of the motion, including: (1) written or oral evidence; and (2) evidence presented by witnesses or by affidavit."). Matters not brought to the court's attention at the hearing could be pursued once Beasley posted security. *See Leonard*, 171 S.W.3d at 457.

We decide Beasley's issues 14 through 23 challenging the VLA's constitutionality against him.

**8.      Summary (Issue 24)**

In his twenty-fourth issue, Beasley argues that the trial court abused its discretion in issuing a prefiling order because the trial court's underlying vexatious litigant declaration was unwarranted. *See* VLA § 11.101 (court may enter order prohibiting person from filing new litigation pro se without permission of administrative judge). Because we have decided Beasley's issues challenging the trial court's order finding Beasley to be a vexatious litigant against him, we also decide this issue against Beasley.

CONCLUSION

We affirm the trial court's December 11, 2018 order granting appellees' motion to declare Beasley a vexatious litigant and its June 11, 2019 "Final Order of Dismissal and Take Nothing Judgment."

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190607F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

PETER BEASLEY, Appellant

No. 05-19-00607-CV     V.

SOCIETY OF INFORMATION
MANAGEMENT, DALLAS AREA
CHAPTER; JANIS O'BRYAN AND
NELLSON BURNS, Appellees

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-05278.
Opinion delivered by Justice
Osborne. Justices Whitehill and
Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's December 11, 2018 Order Granting Defendants' Motion to Declare Peter Beasley a Vexatious Litigant and its June 11, 2019 Final Order of Dismissal and Take Nothing Judgment are **AFFIRMED**.

It is **ORDERED** that appellees Society of Information Management, Dallas Area Chapter; Janis O'Bryan and Nellson Burns recover their costs of this appeal from appellant Peter Beasley.

Judgment entered August 28, 2020